# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 24, 2024

```
* * * * * * * * * * * * *
RANDY YI,                         *
                                  *
            Petitioner,           *       No. 19-1789
                                  *
v.                                *       Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * *
```

*Andrew D. Downing,* Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
*Steven Santayana,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On August 10, 2023, Randy Yi ("petitioner"), filed a motion for final attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 49). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award a total of $41,174.20 in attorneys' fees and costs.

### I.   Procedural history

On November 21, 2019, petitioner filed his claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on September 18, 2017, he developed small fiber neuropathy ("SNF"). *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

To support his claim, petitioner filed accompany medical records and an expert report from Peter-Brian Andersson.  Petitioner's ("Pet'rs") Exhibits ("Exs.") 2-8.  On February 18, 2021, respondent file a Rule 4c report recommending against compensation.  Respondent ("Resp.") Rule 4c Report ("Rept.") (ECF No. 26).  Respondent also filed an expert report supporting his position.  Resp. Ex. A (ECF No. 25).

I held a status conference on June 29, 2021, during which I instructed petitioner to file a supplemental affidavit and a supplemental expert report.  Rule 5 Status Conference Order (ECF No. 29).  On October 3, 2021, petitioner filed a supplemental affidavit.  Pet'r Ex. 31 (ECF No. 32).  Petitioner filed a supplemental expert report from Dr. Andersson on December 15, 2021.  Pet'r Ex. 32 (ECF No. 35).  After respondent filed a responsive supplemental report, I held a second Rule 5 Status Conference on May 2, 2023.

On August 10, 2023, respondent filed a stipulation requesting that the Court enter a decision awarding compensation to the petitioner.  Stipulation (ECF No. 46).  I adopted the stipulation as my Decision awarding compensation on the same day.  Decision (ECF No. 47).

On August 10, 2023, petitioner filed this motion, seeking $30,559.50 in attorneys' fees and $10,614.70 in attorneys' costs, for a total of $41,174.20.  Fess App. at 5.  Respondent filed a response on August 10, 2023, stating that he is "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case," and that the special master should use his discretion and determine a reasonable award for attorneys' fees and costs.  Resp. Response (ECF No. 50).  Petitioner did not file a reply.  This matter is now ripe for adjudication.

**II.     Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

**a.   Attorneys' fees**

Petitioner requests that his counsel, Mr. Drew Downing be awarded an hourly rate of $445.00 per hour for work he performed on this matter from 2019 through 2022; attorney Ms.

2

Courtney Van Cott be awarded an hourly rate of $345.00 per hour for her work performed on this matter; and attorney Ms. Ann Allison be awarded an hourly rate of $415.00 for her work performed on this case. Fees App. at 5-6. These rates are consistent with what counsel has been previously awarded in the Vaccine Program, with the exception of Mr. Downing's rate after he changed firms in 2022, which exceeds what he previously billed for work in 2022, including in this case. *See* Fees App. Ex. A at 19. Therefore, I will apply an hourly rate of $415.00 per hour to all of Mr. Downing's work on this case in 2022, which results in a negligible deduction in overall attorneys' fees.[3]

Turning to the review of the submitted billing statements, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent has also not identified any particular entries as being objectionable. Therefore, petitioner is entitled to a final attorneys' fee of $30,559.50.

   b. **Attorneys' costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $10,614.70 in costs. Fees App. at 5-6. Petitioner's costs include the filing fee, obtaining medical records, postage, and the expert fee for Dr. Andersson. Most of the costs are associated with the retention of Dr. Andersson, who drafted two expert reports on behalf of petitioner. Dr. Andersson charged $500.00 per hour and worked for twenty hours on this matter. Fees App. Ex. A at 22-24. Dr. Andersson's reports were well written and assisted in the case being resolved. Additionally, the other costs petitioner's counsel incurred are typical costs in the Vaccine Program. Therefore, petitioner is awarded the full amount of costs requested.

**III.   Conclusion**

In accordance with the above, I hereby **GRANT** petitioner's motion for final attorneys' fees and costs and award the following:

1) **A lump sum in the amount of $41,174.20, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Andrew Downing.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

---

[3] Mr. Downing should take notice that the Court is consistently applying a rate of $415.00 to his work performed in 2022 and that mid-year rate increases are not going to be approved. *See Rossiter v. Sec'y of Health & Human Servs.,* No. 20-1888V, 2023 WL 3778899 (Fed. Cl. Spec. Mstr. June 2, 2023); *Krietor v. Sec'y of Health & Human Servs.,* No. 19-1450V, 2023 WL 4571971 (Fed. Cl. Spec. Mstr. June 29, 2023).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>**/s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master